# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4987 | **DATE** | 8/16/2000 |
| **CASE TITLE** | | Michael Frenzel vs. Black & Decker, Inc. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly this Court finds that based on the state court proceedings to date "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. 1447(c)), so that the just-quoted statute mandates a remand. This Court so orders, and as permitted by LR 81.2 it directs that the certified copy of the remand order by mailed forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 17 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 2 |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG 16 PM 1:33 | | |
| | SN | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL FRENZEL, )
)
        Plaintiff, )
)
v. ) No. 00 C 4987
)
BLACK & DECKER (U.S.), INC., )
)
        Defendant. )

DOCKETED
AUG 17 2000

MEMORANDUM OPINION AND ORDER

Black & Decker (U.S.), Inc. ("Black & Decker") has filed a Notice of Removal ("Notice") to bring to this District Court this personal injury action by Michael Frenzel ("Frenzel"), originally filed against Black & Decker in the Circuit Court of Cook County. For the reason briefly stated in this memorandum opinion and order, this Court sua sponte remands this action to the Circuit Court for lack of subject matter jurisdiction.

Because of the Illinois statutory prohibition against the inclusion of an express ad damnum in such personal injury actions (735 ILCS 5/2-604), Frenzel's Complaint concludes each of its four counts[1] by simply praying for judgment against Black & Decker, Inc. in a "fair and reasonable sum" in excess of $50,000 (a prayer that places his lawsuit on the high side of the watershed separating jurisdiction of the Circuit Court's Law Division from its Municipal Division). Black & Decker's counsel,

---

[1] Those counts state alternative theories of liability, not a basis for cumulative recovery.

obviously totally unfamiliar with this District Court's LR 81.2 (which was specifically adopted to deal with that problem in personal injury cases having potential removability to the federal courts on diversity of citizenship grounds), has not conformed to its provisions that are geared toward pinning a plaintiff such as Frenzel down as to the damages he actually seeks. Instead Notice ¶8 simply says:

> On information and belief, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

But LR 81.2 requires more than that. In addition to a defendant having to state its good faith belief that the amount in controversy exceeds the jurisdictional amount (LR 81.2(a)(1)),[2] LR 81.2(a)(2)(A) or (B) requires either an interrogatory response or an admission by the plaintiff "that the damages actually sought by that plaintiff exceed the jurisdictional amount" or such a response or admission "declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount." Any such response or admission is totally missing from the Notice,[3] so that no adequate showing of the requisite amount in controversy--and

---

[2] Notice ¶8 provides no reason for that belief on Black & Decker's part.

[3] Because Black & Decker has sought removal within 30 days after service, it hasn't had time to seek any such thing.

2

hence of the presence of federal jurisdiction--has been made.[4]

Accordingly this Court finds that based on the state court proceedings to date "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), so that the just-quoted statute mandates a remand. This Court so orders, and as permitted by LR 81.2(b) it directs that the certified copy of the remand order be mailed forthwith.

                                         */s/ Milton I. Shadur*
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: August 16, 2000

---

[4] As if that were not enough, Notice ¶4 speaks mistakenly in terms of Frenzel's Illinois <u>residence</u> and of Black & Decker's Maryland <u>residence</u> (the latter assertion being doubly defective, ignoring as it does the concept of dual corporate citizenship in 28 U.S.C. §1332(c)(1)). By definition, diversity of citizenship jurisdiction calls for identification of the parties' states of <u>citizenship</u>. Because it is possible to remand the present removal effort only once, Black & Decker is expected to clean up its act in that respect if it were to satisfy the requirements of LR 81.2 at any time in the future.

3